ORIGINAL

FILED
JUN 20 2006
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| A&D FIRE PROTECTION, INC.,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | USCFC CASE NO. 06-467-C<br><br>COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF: DECLARATION OF WILLIAM L. BRUCKNER<br>(BID PROTEST) |

Plaintiff alleges:

1. The United States Court of Federal Claims has jurisdiction in this post-award bid protest matter pursuant to 28 U.S.C. § 1491 (b). In accordance with USCFC General Rule No. 65, Plaintiff provided notice of this bid protest by facsimile to the Department of Justice on June 19, 2006, the Clerk of the USCFC on June 19, 2006, the Contracting Officer on June 19, 2006 and Hernandez Construction Corporation ("HERNANDEZ") on June 19, 2006. *Attachment A*. Said notice was also sent via UPS to the DOJ, USCFC, the Contracting Officer and HERNANDEZ on June 19, 2006, for delivery the next business day.

2. Plaintiff A&D Fire Protection, Inc. ("A&D") is, and at all times herein mentioned was a corporation duly organized and existing under and by virtue of the laws of the states of California.

3. Defendant THE UNITED STATES OF AMERICA is, and at all times herein mentioned was, acting by and through the GENERAL SERVICES ADMINISTRATION ("GSA"), which is, and at all times herein mentioned was, an agency of the United States.

4. On April 26, 1999, the GSA issued Request for Proposal for Contract No. GS-09P-98-KTD-0046 (Project No. RCA 13863), requesting proposals for a "best value" procurement for Design/Build Services for the Replacement of the Fire Alarm System for the Laguna Niguel Federal Building (hereinafter the "SOLICITATION"). The SOLICITATION required a two phase selection process wherein in Phase I selected contractors who were pre-

qualified to submit proposals. A&D and HERNANDEZ were among pre-selected contractors that submitted proposals. *Attachment G.*

5. A&D and HERNANDEZ submitted proposals on the Price and Non-Price Factors. After a period of evaluation of said proposals, and even though A&D's proposal was approximately $244,100 lower that the HERNANDEZ proposal, HERNANEZ was awarded the SOLICITATION on or before January 9, 2006. *Attachment G.* A&D received the notice of award on January 10, 2006. *Attachment G.* A&D's Price was $244,100 lower than the HERNANDEZ Price.

6. A&D requested a debriefing on January 10, 2006 and was informed on January 10, 2006 that a briefing would be scheduled once bonds had been provided by HERNANDEZ. Attachment G. When GSA did not respond A&D again requested a debriefing on March 8, 2006. *Attachment G.*

7. On or about March 31, 2006, A&D received a debriefing by Ms. Sheryl Leverette, the Contracting Officer, and Mr. Brian Stilley, an individual who identified himself as the head of the Technical Evaluation Team. In a letter dated May 11, 2006 A&D summarized the GSA debriefing. *Attachment I.*

8. The Source Selection Factors are Price and Non-Price. Both Source Selection Factors are equal weight since, other than the three sub factors within Non-Price there is nothing to indicate any other weight to be given the two main Source Selection Factors. *Attachment C.*

9. The following reasons were provided by Mr. Stilley to A&D as the reasons HERNANDEZ's proposal scored higher than A&D's sufficiently to award HERANDEZ the Contract in spite of the substantially lower Price of A&D's proposal.

A. <u>Quality of Equipment and Materials</u> – Mr. Stilley stated that A&D had been marked down for submitting on a panel that did not meet the contract requirements per section 16723 and also informed Mr. Ballow that it was the EST QS 1 Control Panel that did not meet the contract requirements. This was the only item that Mr. Stilley or Mrs. Leverette provided for A&D's score being marked down in this factor.

10. During this meeting A&D asked Mr. Stilley to open his copy of A&D's technical proposal and directed Mr. Stilley to the exact location where he could find the primary panel product data sheets for the EST 3 Control Panel which does meet spec section 16723 and all contract requirements. A&D explained the reason for the EST Q S 1Control Panel being submitted along with the EST 3 Control Panel was due to the fact that the A /C Building is located adjacent to and across the street from the main facility and there are no conduits to the A/C Building from the Main Facility. The A/C Building design requirements do not require an EST-3 Addressable - Fire Alarm Control Panel, as it does for the Main Facility. Per NFPA 72. The A/C Building can use an Addressable or a Conventional Fire Alarm System since the stand-alone building only requires Horn/Strobe notification devices. The QS-1 is a Class A / Class B Fire Alarm Control Panel and was designed exclusively to meet the latest fire alarm market requirements for such an application, and meets all NFPA 72 requirements. The QS-1's dual line dialer, support contact ID and 4/2 format notify the EST 3 system in the main building in the event of an alarm condition, thus meeting the contract requirements for this building (please see attachment A, Fire Alarm Riser Diagram).

11. Thus, if this was the only item that had negatively affected A&D's technical score for this factor, then after receiving the facts the score should have resulted in a 25 out of 25 for this factor as A&D met all other submission requirements for this factor as detailed by the Instructions to Bidders and the fact that no other deficiencies were noted by GSA.

12. The second reason provided by Mr. Stilley to A&D as the reasons HERNANDEZ's proposal scored higher than A&D's sufficiently to award HERANDEZ the Contract in spite of the substantially lower Price of A&D's proposal involved the Installation Plan. *Attachments C, E & I.*

A. Installation Plan / Phasing Plan – Mr. Stilley explained that A&D had been marked down for not including topics or elements in our installation plan regarding the design portion of the project. Mr. Stilley also explained that two other factors had negative effects on A&D's technical score; lack of information and/or detail, and for not providing a bar graph critical path schedule.

13. In response A&D asked the GSA debriefers to follow along with the Instructions To Bidders, section 00200, pages 5 and 6 as well as A&D's Installation Plan / Phasing Plan. A&D illustrated where each and every element required by the Instructions to Bidders, page 6, Installation Plan had been thoroughly covered in A&D's technical proposal A&D asked Mr. Stilley to explain where in the Instructions To Bidders or contract documents that there is a technical submittal requirement for any of the given reasons for A&D's score being marked down. Neither Mr. Stilley nor Ms. Leverette had a response.

14. Thus, after clearing up GSA's misinterpretation of the technical requirements and walking GSA through each and every step of the technical confirming that every item required for this factor was met, A&D's score for this factor should have been corrected and changed to a 25 out of 25.

15. The third reason provided by Mr. Stilley to A&D as the reasons HERNANDEZ's proposal scored higher than A&D's sufficiently to award HERANDEZ the Contract in spite of the substantially lower Price of A&D's proposal involved the Installation Plan. *Attachments C, E & I.*

A. Contractor Qualification / Past Performance – Mr. Stilley indicated that A&D's score for this factor had been marked down due to a statement from one of A&D's references that there were several trouble calls with the system A&D installed for the client. This was the only reason given by Mr. Stilley for this factors score being negatively affected.

16. In response to the third issue raised by Mr. Stilley, A&D asked Mr. Stilley if he was aware of whether or not Mr. Gazi had been asked if he was satisfied with A&D's performance on the project and if we would like to do business with them again. Mr. Stilley stated that he did not have that information, as he did not conduct the reference check. A&D B asked Mr. Stilley if he knew whether Mr. Gazi had been asked to explain the source of the trouble calls, to which Mr. Stilley gave the same reply as before. A&D then explained that the trouble calls were the result of an existing leak in the client's roof directly over the fire alarm control panel that was causing the trouble calls and that that had nothing to do with A&D.

A&D explained that when Mr. Gazi was contacted by A&D Mr. Gazi informed A&D that he had given A&D a good reference.

17. Consequently, A&D's score for this factor should have been redressed. As this was again the only item that GSA noted as being deficient for this factor, A&D should receive 25 out of 25 for this factor having met all of the requirements for this factor.

18. In Mrs. Leverette's email dated April 25, she states that the evaluators' re-scored A&D's proposal regarding the two panels submitted for the Quality of Equipment and Material (see attachment C, email from Mrs. Leverette). Mrs. Leverette goes on to state that after calculating the new scores, A&D's overall ranking was second. Mrs. Leverette failed to address the other two items that were incorrectly scored. place and had the proposal reviewed a The Installation Plan / Phasing Plan and the Contractor Qualification / Past Performance factors should have been re-scored as well.

19. A&D has requested a copy of the re-scored breakdown but GSA has refused to provide A&D the requested information. Attachment I & J.

20. GSA advised A&D that between Price and Non-price Factors GSA based its award criteria based on a 25% Price and 75% Non-price evaluation. This criteria is not stated in the Source Selection Factors. From the Bid Form both Price and Non-price Factors are of equal weight unless a different weighting is stated. Therefore, if the selection of HERNANDEZ was based upon a weighting of 25% to Price and 75% to Non-price then the bidders did not know the basis of the selection.

22. GSA's departure from the stated criteria for evaluation, *inter alias*, considered in awarding the SOLICITATION to HERNANDEZ, make it clear that the GSA conducted an evaluation that departed from the basis for evaluation called out in the Source Selection Factors; thereby depriving A&D of a fair opportunity to compete, and also of recognition that A&D was the SOLICITATION's "best value" and award of the Contract. It is clear that the GSA selected CADDELL as a better value only when examined in light of a basis which is different than set forth in the SOLICITATION.

23. The issues raised by this Complaint are identical to those raised by a disappointed

bidder in <u>Stratos Mobile Networks USA, LLC. v. the United States, et al</u>., 1999 WL 788639 (Fed. Cl.),. In <u>Stratos</u> the disappointed bidder protested an award based on its contention that the Navy conducted a price evaluation that departed from the basis for evaluation called out in the solicitation, thereby depriving it not only of a fair opportunity to compete, but also of recognition as the solicitation's legitimate low bidder. <u>Stratos</u> argued that the Navy improperly rejected the lowest bid (when tested against the solicitation's anticipated order amounts) in favor of a bid that revealed itself as a better value only when examined in light of quantities different from those set forth in the solicitation. Stratos contends that neither the language of the solicitation nor the procedures essential to the conduct of a fair and effective competition permit the NAVY to announce one standard for price evaluation, but then decide by another.

<u>WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT ISSUE A JUDGMENT:</u>

1. Directing the GSA with a Injunction to not issue to HERNANDEZ a Notice to Proceed on the CONTRACT pending a Judgment on A&D's Complaint;
2. In the alternative, if HERNANEZ has already been issued a NTP, direct the GSA to suspend all work on the Contract pending a Judgment on A&D's Complaint;
3. Declaring that the Government's solicitation evaluation process departed from the basis for evaluation of bids called out in the SOLICITATION, was improperly conducted and set aside the award to HERANDEZ;
4. Direct the GSA to evaluate the proposals submitted by A&D and HERNANDEZ in accordance with stated basis in the SOLICITATION;
5. Ordering the Government to pay A&D's costs and attorneys fees of this action; and
6. Granting such other and further relief as this Court may deem just and proper.

//

//

//

//

//

Dated: June 19, 2006

Respectfully submitted,

William L. Bruckner
BRUCKNER & WALKER
4550 Kearny Villa Road, Suite 209
San Diego, CA 92123
(858) 565-8300 Telephone
(858) 565-0813 Facsimile
Bill@BrucknerWalker.com

Attorneys for
A&D Fire Protection, Inc.